# SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA v WINCHESTER

## Case No. CL 90-4956 AA

Fifteenth Judicial Circuit, Palm Beach County

July 12, 1990 and August 14, 1990

## OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

### ORDER ON PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

THIS MATTER came before the Court on a Complaint for Declaratory Relief brought by the School Board of Palm Beach County, Florida. The School Board seeks to have its legitimacy determined based on a recent Supreme Court ruling. In *Kane v Robbins,* 556 SO.2d 1381 (S. Ct. 1989), the Supreme Court rendered an opinion that the special law for Martin County, Florida providing for the election of school board members in non-partisan elections is violative of the constitutional prohibitions against special laws pertaining to the election, jurisdiction or duties of constitutional officers. Because elections

for the Palm Beach County School Board will be held in November,1990, the School Board seeks to have the Court determine that the elections shall be held on a non-partisan basis pursuant to Chapter 71-393, Laws of Florida.

Plaintiff contends that the *Kane* case is not applicable to Palm Beach County. On November 6, 1984, the voters of Palm Beach County approved a County Home Rule Charter which became law January 1, 1985. Chapter 71-393, provided for non-partisan election of school board members in Palm Beach County. This was done by special act of the State Legislature in 1971 and effective upon passing of a county-wide referendum.

The Court is urged to distinguish the situation in Palm Beach County from Martin County because Palm Beach County has an Optional County Charter Law and Martin County does not. And further, such prohibitions do not apply to chartered counties.

Palm Beach County Charter addresses the election of county officers and stats that "adoption of this Home Rule Charter shall not affect any existing obligations of Palm Beach County, the validity of any of its ordinances, or the term of officer of any elected county officer which terms shall continue as if the Charter had not passed." The Court agrees that a charter county does have authority to enact such a provision relating to elected County officers. *Kane* has also determined that school board members are constitutional officers.

If there had been no Charter for Palm Beach County, we would be controlled by the *Kane* decision. Without the Charter, the 1971 act changing the election to non-partisan would be invalid. The Charter dictates that the validity of any of its ordinances . . . shall continue as if the Charter had not passed. This raises a question of whether the Charter can adopt and validate an invalid ordinance. If the law was unconstitutional then it must still have the same status.

The Charter gives the County power to make the election non-partisan but if was never done once the County got the power and authority to do so. The power must first exist, it cannot be used now for then, no more than a light switch can give light until after it has the power.

A similar argument was made in *Broward County v Plantation Imports, Inc.,* 410 So.2d 1145. The issue dealt with the right of the county's consumer protection board to impose civil penalties. The Court held in that case that "since the County Commission lacked the power to act when it initially passed the Consumer Code, the legislature could not ratify that unauthorized act by subsequent legislation."

106

As in that case, the same contention here is that subsequent legislation somehow validated the original invalid procedure.

The Court finds that the Charter did not adopt, ratify or specifically legitimatize the 1971 act allowing the election of school board members to be non-partisan. The language at Section 6.2 stating that the adoption of the Charter shall not affect existing ordinances and terms of office is ineffective to execute the power making the elections non-partisan.

THE COURT FINDS AND ORDERS:

1. The Palm Beach County Charter did not secure the rights of the school board members to be elected by non-partisan election, by validating the special act. Election of school board members by non-partisan election is unconstitutional.

2. The election of school board members in future elections shall be by partisan election in accordance with the procedure followed prior to the change of the law in 1971.

3. The validity of the acts of those school board members duly elected in non-partisan elections are declared to be binding upon all parties, public and private, as acts totally within their de facto authority. Official acts of incumbent school board members shall continue to be valid until such time as new members are duly appointed or elected.

4. This Court retains jurisdiction to grant such supplemental relief as may be necessary.

DONE AND ORDERED at West Palm Beach, Florida, this 12th day of July, 1990.

———————

THIS MATTER came before the Court pursuant to Case No. 76,345 Supreme Court of Florida dated July 27, 1990. The case was before the trial Court to determine the constitutionality of Chapter 71-393 which allowed non-partisan elections of School Board members in Palm Beach County. The trial court found the chapter to be invalid. The Fourth District Court of Appeals agreed with the trial court but certified the question to the Supreme Court for its determination.

The Supreme Court has spoken, stating that,

"Under the special circumstance in this case, we find that it is reasonable to uphold the statute because it was not challenged prior to Palm Beach County's becoming a chartered county and because its provisions are presently constitutional under Article III, Section II, Florida Constitution. We find that Kane does not control since

**107**

that decision was not applying the constitutional to a chartered county." The Court has directed that the case be remanded to the trial court

"entry of a judgment consistent with the views expressed in this opinion."

Consistent with that ruling of the Supreme Court of the State of Florida, this Court hereby finds that Chapter 71-393 is constitutional and therefore non-partisan elections for School Board members in Palm Beach County are valid.

DONE AND ORDERED in Chambers this 14th day of August, 1990, at West Palm Beach, Palm Beach County, Florida.